# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| HARRY PLITT and DOROTHY PLITT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:08CV1783RWS |
| | ) | |
| AMERISTAR CASINO, INC. OF ST. CHARLES, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Harry Plitt was an employee of Defendant Ameristar Casinos, Inc. He, and his wife, Plaintiff Dorothy Plitt claim that after Harry Plitt became disabled, they were entitled to 29 to 36 months of health insurance coverage under the Consolidated Omnibus Budget Reconcilliation Act ("COBRA"). They allege that Defendants failed to the notify the Plitts' HMO that they were eligible for extended COBRA coverage, failed to provide them with health benefits, and improperly denied coverage. The Plitts filed this lawsuit, asserting causes of action for violations of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001, *et seq*., and COBRA. The Plitts also assert a count for unilateral mistake of fact in which they seek an order that Defendants may not rescind their commitment to cover procedures for which Dorothy Plitt had obtained "precertification."

Defendants have moved to dismiss Counts II and III. They argue that the Plitts' claims under COBRA and for unilateral mistake of fact are preempted by ERISA. Defendants also assert that Defendant Ameriben Utilization Management, Inc. is not a proper defendant for

claims under ERISA. Additionally, in a separate motion, Defendants move to strike Plaintiffs' jury demand.

Because Plaintiffs state claims under ERISA in Counts II and III, I will deny Defendants' motion to dismiss. I will, however, grant Defendants' motion to strike Plaintiffs' jury demand.

*Background*

In their complaint, Plaintiffs allege:

Plaintiff Harry Plitt worked for Defendant Ameristar Casinos, Inc. and Defendant The Casino St. Charles until he became disabled on or about October 1, 2005.[1] As part of Harry Plitt's compensation package, his employer purchased a health insurance policy for Harry Plitt and his wife, Dorothy Plitt. Defendant Ameriben, also referred to and/or doing business as Defendant Ameriben Utilization Management, Inc., also known as Ameriben IEC Group, also known as Ameriben Solutions was the plan administrator for the Plitts' health insurance plan.

Harry Plitt's health deteriorated to the point where he could no longer perform his job duties. Plitt's employer was aware of his disability and had an obligation under the Consolidated Omnibus Budget Reconciliation Act ("COBRA") to inform Plitt's insurer Defendant Healthlink HMO[2] and Defendant Ameriben, the plan administrator, of the employee benefit policy. The Plitts elected to continue coverage under COBRA and timely paid their health insurance premiums as required by law. Defendant Ameristar Casinos, Inc., however, failed to advise

---

[1] From the Complaint, it is unclear whether Plitt left the employ of Ameristar Casinos, Inc. and The Casino St. Charles on October 1, 2005 or October 1, 2004. Paragraph 4 of the Complaint says 2005. Paragraph 16 of the Complaint says 2004. The discrepancy does not materially affect Plitt's claims because in either case, the denial of benefits was within the 29 to 36 month period for which the Plitts claim eligibility.

[2] Service has not yet been effected on Defendant Healthlink HMO.

Healthlink HMO of Plitt's disability. As a result, Harry Plitt was denied a total of eleven to eighteen months of health insurance coverage and Dorothy Plitt was denied a total thirteen or fourteen to twenty months of coverage.

Notwithstanding the payment of premiums during the first two to three months,[3] Dorothy Plitt was denied coverage for covered medical events. As a result, Dorothy Plitt incurred medical expenses and otherwise had to refrain from obtaining medical care. In January, 2006,[4] Defendants recognized their obligation to provide coverage, but failed to extend the period of benefits Dorothy Plitt was entitled to receive.

On or about April 3, 2006, Dorothy Plitt was scheduled for orthopedic surgery, for which she incurred medical expenses for surgical care, hospital care, prescription medication, other related tests, and imaging studies. Both prior to and on or about April 7, 2006, Dorothy Plitt, by and through her treating physician and staff, sought and obtained confirmation that the scheduled procedure was covered under the Healthlink HMO policy and that there was coverage in force and in effect at the time of the scheduled procedure through a process referred to as "precertification." Dorothy Plitt had previously submitted her heath insurance premium in April, 2006. Her payment was accepted and the check was cashed on or about May 3, 2006.

---

[3] Again, it is not clear which dates or the amount of time Defendants refused to provide coverage. Paragraph 7 of the Complaint says Dorothy Plitt was denied coverage "during approximately the initial two to three month period." Paragraph 8 says the refusal to provide coverage was "at the outset for approximately one to two months."

[4] It is unclear whether coverage began in January of 2006 or January of 2005. Paragraph 10 of the Complaint says Defendants recognized their obligation to provide benefits in January of 2006. Paragraph 16 of the Complaint says coverage began in January of 2005.

On May 5, 2006, Defendants denied benefits under the health insurance plan. Plaintiffs timely challenged the denial and then appealed the determination denying benefits. Ameriben denied both requests. On October 24, 2006, Plaintiff[5] appealed Ameriben's denial of benefits. The appeal asserted estoppel based on the precertification procedure and the cashing of Dorothy Plitt's check.[6] On November 28, 2006, Ameriben denied the appeal. Plaintffs appealed the November 28, 2006 decision on January 27, 2007, claiming that Ameriben had used an improper method for calculating the Plitts' eligibility for benefits and that, due to Harry Plitt's disability, the appropriate measure was 29 months or more instead of the normal 18 months required by COBRA.

In Count I, the Plitts assert ERISA claims, seeking payment of Dorothy Plitt claims for benefits and an order directing coverage for an additional period of time equivalent to any and all periods for which Defendants improperly denied coverage. In Count II, the Plitts assert a claim under COBRA that seeks the same damages in Count I as well as coverage for an additional eighteen months. In Count III, the Plitts assert a claim of unilateral mistake of fact and seek an order that Defendants may not rescind their prior commitment to Dorothy Plitt that her medical expenses for her April 3, 2006 surgery would be covered.

*Legal Standard*

When ruling on a motion to dismiss for failure to state a claim, I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff.

---

[5] It is not clear from the Complaint whether it was Harry or Dorothy Plitt who appealed.

[6] It is not clear from the Complaint whether the October 24, 2006 appeal was separate from the other appeals mentioned or is included in the other appeals.

Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). To avoid dismissal for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson, 127 S. Ct. at 2200. Although the specific facts are not necessary, the plaintiff must allege facts sufficient to give fair notice of what the claim is and the grounds upon which it rests. Id.

*Discussion*

Defendants have moved to dismiss Counts II and III, arguing that the Plitts' claims under COBRA and for unilateral mistake of fact are preempted by ERISA. Defendants also assert that Defendant Ameriben Utilization Management, Inc. is not a proper defendant for claims under ERISA.

*Counts II & III*

The Employment Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq*. ("ERISA"). regulates "employee welfare benefit plans." Bannister v. Sorenson, 103 F.3d 632, 635 (8th Cir. 1996). An employee welfare benefit plan is (1) any plan, fund or program (2) established or maintained by an employer (3) for the purposes of providing its participants or their beneficiaries (4) through the purchase of insurance or otherwise (5) with medical, surgical, or hospital case or other benefits. 29 U.S.C. § 1002(1); Johnson v. Paul Revere Life Ins. Co., 241 F.3d 623, 629 (8th Cir. 2001). To qualify as an employee welfare benefit plan under ERISA, the plan must have "a separate, ongoing administrative scheme to administer the plan's benefits." Kulinski v. Medtronic Bio-Medicus, Inc., 21 F.3d 254, 257 (1994).

In this case, Harry Plitt, a former employee of Ameristar Casinos, Inc. and The Casino St. Charles, was covered under an insurance policy provided by Healthlink HMO and administered by Ameriben. The policy was a group plan purchased by Plitt's employer for its employees. Plaintiffs do not deny that the plan is governed by ERISA, but argue that their claims in Counts II and III are brought under ERISA and should therefore not be dismissed.

*COBRA claim*

In Count II, Plaintiffs seek additional coverage for eighteen months as well as payment for medical expenses incurred by the Plitts under COBRA. Defendants argue that ERISA "preempts" COBRA and an action for benefits under COBRA is not recognized claim separate from an ERISA claim.

The Consolidated Omnibus Budget Reconciliation Act of 1985, or COBRA, amended ERISA. Geissal v. Moore Med. Corp., 524 U.S. 74, 79 (1998). COBRA requires employers to provide qualified beneficiaries with an opportunity to continue their coverage under their group health plan after the termination of a covered employee's employment. Id.; 29 U.S.C. § 1162–1163. The COBRA amendments, §§ 1161–1169, cannot be "preempted" by ERISA because they are part of ERISA, 29 U.S.C. §§ 1001–1416. Because a suit for benefits under COBRA's continuation of coverage provisions is a suit under ERISA, ERISA's civil enforcement provisions apply.

Defendants argue that Count II should be dismissed because it is not an independently cognizable claim apart from ERISA and because Count II seeks the same relief as in Count I. A plaintiff may assert more than one ERISA claim in the same complaint. See Fink v. Dakotacare, 324 F.3d 685, 689 (8th Cir. 2003). And, Rule 8 permits alternative theories of liability. Fed. R.

Civ. P. 8(d). Furthermore, Count II seeks relief not sought in Count I: coverage for an additional eighteen months. As a result, I will deny Defendants' motion to dismiss Count II.

*Universal mistake of fact claim*

ERISA's civil enforcement provisions are "the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 52 (1987). As a result, state law claims "are completely preempted by ERISA when they arise from the administration of benefits." Fink v. Dakotacare, 324 F.3d 685, 689 (8th Cir. 2003). It is clear that the Plitts unilateral mistake of fact claims arise from the denial of payment for Dorothy Plitt's medical procedure by Healthlink's group plan. That plan was a welfare benefit plan governed by ERISA. See 29 U.S.C. § 1002(1). Therefore, the Plitts' claims in Count III are preempted by ERISA if they are state law claims.[7]

The Complaint itself does not state whether the Plitts' request for an order barring Defendants from rescinding their agreement to pay Dorothy Plitt's medical costs is brought under state law or ERISA. Defendants assert the claim should be brought under § 502(a)(1)(B) of ERISA. 29 U.S.C. § 1132(a)(1)(B). Plaintiffs respond that they bring their claims under the federal common law of ERISA, which includes equitable powers.[8] It appears that the gist of

---

[7] Although state law claims are generally "recharacterized" as ERISA claims following removal to federal court, in this case, the Plitts filed an amended complaint after removal. The Eighth Circuit has instructed that "[w]hen a plaintiff after removal amends her initial complaint to assert one or more ERISA claims, the federal court should limit its analysis to the claims as pleaded" and should not again "recharacterize" any state law claims as ERISA claims. Fink, 324 F.3d at 689. Therefore, I will analyze the Plitts claims as pleaded.

[8] Plaintiffs claim these powers exist under § 501 of ERISA. Section 501, ERISA's criminal penalties section, states,
>  Any person who willfully violates any provision of part 1 of this subtitle, or any regulation or order issued under any such provision,

Plaintiffs' arguments is that the claim is made under the federal common law of ERISA and not under state law. Defendants have not argued that Plaintiffs' claim should not be brought under ERISA's grant of equitable powers. Because the parties agree that Count III should be brought as a claim under ERISA, and Plaintiffs assert that the count is in fact brought under ERISA, I will deny Defendants' motion to dismiss Count III.

*Proper Parties*

Defendants move to dismiss Ameriben Utilization Management, Inc., claiming it is not a proper party to this action because it is not the plan, the plan administrator, nor the claims administrator. Defendants argue that the Summary Plan Description[9] delegated the claims administration to "Ameriben Solutions/ICE Group," which is doing business for Ameriben Solutions, Inc., and therefore Ameriben Utilization Management should be dismissed. Plaintiffs argue Ameriben Utilization Management is the plan administrator and is therefore a proper party.

Neither party has submitted the Summary Plan Description. Even if the Summary Plan Description does in fact state, as Defendants claim, that the claims administrator is "Ameriben Solutions/ICE Group," the Court could not conclude, on this record, that Ameriben Utilization Management was an improper party. In paragraph 12, Plaintiffs' Complaint alleges that

---

shall upon conviction be fined not more than $100,000 or imprisoned not more than 10 years, or both; except that in the case of such violation by a person not an individual, the fine imposed upon such person shall be a fine not exceeding $500,000.

29 U.S.C. § 1131. This section, dealing with criminal penalties following conviction, does not grant the Court equitable powers.

[9] Although the Court may not generally consider matters outside the pleadings on a motion to dismiss, the Court may consider materials that are "necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

Ameriben Solutions is also known as Ameriben Utilization Management, Inc. Nothing in the record disproves Plaintiffs' assertion. A plan administrator is a proper party in an action concerning ERISA benefits. Layes v. Mead Corp., 132 F.3d 1246 (8th Cir. 1998). As a result, I will deny Defendants' motion to dismiss Ameriben Utilization Management. Defendants may again raise this issue upon motion for summary judgment with supporting evidence.

*Jury Demand*

Defendants have moved to strike Plaintiffs' jury demand because jury trials are unavailable under ERISA. Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). There is no right to a jury trial of ERISA claims. In re Vorpahl, 695 F.2d 318, 321 (8th Cir. 1982); Houghton v. SIPCO, Inc., 38 F.3d 953, 957 (8th Cir. 1994). As discussed above, all of Plaintiffs' claims arise under ERISA. As a result, I will grant Defendants' motion to strike Plaintiffs' jury demand.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss [#14] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' motion to strike [#13] is **GRANTED**.

Dated this 6th day of May, 2009.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE